IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00719-MSK-KLM

WESTERN STATES ENTERPRISES, INC., and
STEPHANIE DIETTE,

       Plaintiffs,

v.

LLOYD LAND, and
EILEEN LAND,

       Defendants.

---

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss **(#11)**, to which Plaintiffs responded **(#16)**, and Defendants replied **(#17)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

**I. Background**

This dispute arises out of assessments, fines, penalties, and liens imposed by a homeowners' association on four residential properties within a development. Plaintiff Western States Enterprises ("WSE") constructed the homes, one of which was acquired by Plaintiff Stephanie Diette.

Construing the Plaintiffs' allegations most favorably to them, the Court finds that the Complaint **(#1)** alleges the following facts. The residences were constructed in Riverdale Peaks, a planned community in Colorado governed by the Colorado Common Interest Ownership Act ("CCOIA"), C.R.S. § 38-33.3.-101, *et seq*. Defendant Lloyd Land is the President of the

Riverdale Peaks Homoeowners' Association (the "HOA"), and was appointed by Defendant Eileen Land as Declarant for the development. No other conduct by Ms. Land is alleged.

WSE contracted to build homes for resale. Under the agreements, WSE was to be the record owner of the lot until ownership was transferred to a new owner upon completion of the home. WSE built a home and transferred it to Ms. Diette in August 2006.

In March 2009, Mr. Land, as President of the HOA, filed a Notice of Assessment lien against Ms. Diette's property indicating she owed the HOA $4415 in past due fees, dues, and other costs. Plaintiffs allege that the lien was filed without notice or a hearing in violation of the governing HOA documents and the CCOIA. In June 2009, Mr. Land filed another Notice of Assessment lien against Ms. Diette's property, this time indicating an outstanding delinquency of $24,182.88. Thereafter, Mr. Land instructed the HOA lawyers to send a debt collection letter to Ms. Diette demanding $13,474.38. Another debt collection letter was sent in October 2009, indicating an amount due of $16,324.95.

In 2010, the HOA sued Ms. Diette in County Court for Adams County, Colorado, for an amount due of $22,781, which the HOA agreed to reduce in order to stay under the County Court's jurisdiction limit of $15,000.[1]

---

[1]The parties filed a joint status report (#**24**) regarding the Adams County litigation, in which they state that the Court in that case found in favor of the HOA and awarded it $15,000 for various assessments, fees, and costs, as well as attorney fees in the amount of $2,260.06. The Court may take judicial notice of the filings and outcome in these proceedings. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."). In addition, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir.2007) (quotation omitted) (emphasis added). Plaintiffs have not disputed the authenticity of the court documents submitted in connection with Defendants' Motion to Dismiss and the documents are

In August 2009, another WSE sold a lot to non-party Bruce Winsett. In October 2009, the HOA sent Mr. Winsett notice that he owed $5119.92 in past due fees, costs, and fines. In March 2010, another letter was sent, this time indicating that the amount owed was $13,157.78, which amount included $2858 for site clean-up occurring before Mr. Winsett took ownership of the lot. In September 2010, the HOA sued Mr. Winsett for past dues, fees, fines, and other costs totaling $15,879.54.[2]

WSE sold another lot in February 2009 to non-party Don Iley; in March 2009, the HOA sent Mr. Iley notice of past dues and fees in the amount of $9668.73. A lien was filed in March 2009 for $6031, and a second lien was filed in June 2009 for $18,738.82. In September 2010, the HOA sued Mr. Iley for $13,345.52.[3]

The fourth property at issue was owned by Marlene Heber. Mr. Land placed a lien on the property in March 2009 for $783, then a second lien in June 2009 for $2036.77. The HOA sent a debt collection letter in October 2009 stating that Ms. Heber owed $1542.09. In October 2010, the HOA sued Ms. Heber's Estate for $5515.59.[4]

The Complaint does not contend that there were no assessments, penalties, costs, or other amounts owed to the HOA, only that there were discrepancies as to the amounts and interest

---

central to the Plaintiffs' claims that the HOA was not entitled to the amounts claimed. Accordingly, the Court will consider these and other related court documents in connection with the Motion to Dismiss.

[2]According to the Motion to Dismiss and supporting documents from the Adams County Court, the litigation involving Mr. Winsett was resolved by stipulation and all liens on his property released.

[3]Again, according to the Motion to Dismiss and supporting documents, the litigation involving Mr. Iley was resolved by stipulation and all liens on his property released.

[4]According to the status report, the Adams County Court awarded the HOA $7,362.87 against the Estate of Marlene Heber for past due assessments, as well as $793.75 in attorney fees.

rates claimed and that the property owners received insufficient notice. Indeed, all four court proceedings were resolved with a court determination that the property owners owed some amount to the HOA.

The Complaint alleges without elaboration that Mr. Land used "coercive tactics and fraudulent information" to "strong-arm these landowners into paying amounts they do not lawfully owe" and that Mr. and Ms. Land conspired to engage in the "unlawful acts" described above. The Plaintiffs assert a claim under the federal Racketeering Influenced and Corrupt Organization Act ("RICO") and a claim under the Colorado Organized Crime and Control Act "COCCA"), the RICO state analogue.

Defendants move to dismiss on several grounds, including that Plaintiffs' allegations fail to state a claim.

## II. Analysis

### A. Standard of Review

The Defendants move for dismissal on the grounds that Plaintiffs have not pled their fraud allegations with specificity as required by Fed. R. Civ. P. 9 and the remaining allegations fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6). *See Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). However, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the complaint contains sufficient facts for a court to draw an inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *id.* at 556). Although a plaintiff is not required to include detailed factual allegations in a

complaint, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

Under Rule 9(b), a party must state with particularity the circumstances constituting the alleged fraud. *See United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (Rule 9(b) requires that a plaintiff "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." (internal quotation marks omitted)).

**B.**     **Elements of RICO/COCCA Claim**

The RICO statute provides a private right of action for those injured by violations of section 1962.  18 U.S.C. § 1964(c).  To assert such a civil RICO claim, a plaintiff must demonstrate four elements: (i) conduct (ii) of an enterprise (iii) through a pattern  (iv) of racketeering activity.  *See  Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002).  The term "enterprise" is statutorily defined and includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).  A "pattern" requires at least two predicate acts, which must be violations of certain statutes.  18 U.S.C. §§ 1961(1) & (5). Plaintiffs allege mail fraud as the predicate acts underlying the racketeering activity, presumably from the mailing of the debt collection letters.  The COCCA claim is analyzed similarly.  *New Crawford Valley, Ltd. v. Benedict*, 877 P.2d 1363, 1370 (Colo. App. 1993).

"The elements of federal mail fraud as defined in 18 U.S.C. § 1341 are (1) a scheme or

artifice to defraud or obtain property by means of false or fraudulent pretenses, representations, or promises, (2) an intent to defraud, and (3) use of the mails to execute the scheme." *United States v. Welch*, 327 F.3d 1081, 1104 (10th Cir. 2003). The particularity requirement of Fed. R. Civ. P. 9(b) applies to claims of mail fraud. *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006). Moreover, any claim involving fraud, including mail fraud, must demonstrate the elements of actionable fraud, including (1) a representation; (2) that is false; (3) that is material; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent it be acted on; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance; (8) the hearer's right to rely on it; and (9) injury. *Id*.

**C.      Sufficiency of Plaintiffs' Allegations**

Defendants argue that Plaintiffs' allegations are insufficient to establish numerous elements of a RICO/COCCA claim, including predicate acts. Because Plaintiffs' allegations are insufficient to establish the elements of mail fraud as the predicate acts, the Court need not address the remaining elements of the RICO claim.

Other than conclusorily alleging a "conspiracy" between Mr. and Ms. Land, the Complaint contains no allegations demonstrating a scheme or artifice devised to deprive the homeowners of money or property. In addition, the single allegation that Mr. Land used "fraudulent" information does not provide particular facts regarding what was purportedly fraudulent in the debt collection letters. As noted by Defendants, an HOA may legally impose liens on a property for unpaid assessments and costs. Plaintiffs' mere disagreement about the amount due, with nothing more, does not show fraud or fraudulent intent on the part of Mr.

Land.[5]

The Complaint also fails to set forth any specific information to demonstrate any material false representation, Defendants' knowledge of the alleged falsity, the Plaintiffs' ignorance of the alleged falsity, reliance, or injury. Because allegations of fraud must be stated with particularity and the Complaint fails in this regard, the Complaint does not sufficiently set forth any predicate acts to underlie the RICO/COCCA claim. *See Burnett v. Amrein,* 243 Fed.Appx. 393, 395 (10th Cir. 2007) (RICO claim based on alleged mail fraud failed to state a claim where complaint contained only general allegations that certain unknown mailings were false, without ever identifying the alleged falsity).

**IT IS THEREFORE ORDERED** that

1. Defendants' Motion to Dismiss **(#11)** is **GRANTED.**

2. Plaintiffs' claims are dismissed without prejudice for failure to state a claim.

3. The Clerk of the Court shall close the case.

Dated this 22nd day of November, 2011

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge

---

[5] As noted by Defendants, Plaintiffs have not alleged any affirmative conduct by Ms. Land. Moreover, Mr. Land was acting in his capacity as President of the HOA to collect these funds for the HOA, not for himself personally.