**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-00719-MSK-KLM

**WESTERN STATES ENTERPRISES, INC., and
STEPHANIE DIETTE,**

   Plaintiffs,

v.

**LLOYD LAND, and
EILEEN LAND,**

   Defendants.

---

**OPINION AND ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION
FOR ATTORNEY FEES**

---

**THIS MATTER** comes before the Court on Defendants' Motion for an Award of Attorney Fees and Sanctions **(#31)**. Plaintiffs did not respond to the motion. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Background

The full background of the case is set forth in the Court's Order (#**25**) granting the Defendants' Motion to Dismiss. In brief summary, this dispute arises out of assessments, fines, penalties, and liens imposed by a homeowners' association on four residential properties located in Riverdale Peaks, a planned community in Colorado governed by the Colorado Common Interest Ownership Act ("CCOIA"), C.R.S. § 38-33.3.-101, *et seq*. The homes were constructed by Plaintiff Western States Enterprises ("WSE"). One was acquired by Plaintiff Stephanie Diette.

Defendant Lloyd Land is the President of the Riverdale Peaks Homeowners' Association (the "HOA"). In his capacity as President of the HOA, Mr. Land filed Notice of Assessment liens against properties owned by Ms. Diette and constructed by WSE in an effort to collect past due fees, dues, and other costs. The HOA ultimately sued on the liens in state court *[are these the four lawsuits referred to below?]*, and obtained a judgment and an award of attorney fees.

In this action, the Plaintiffs asserted a claims against Mr. and Mrs. Land under the federal Racketeering Influenced and Corrupt Organization Act ("RICO") and under the Colorado Organized Crime and Control Act "COCCA"), the RICO state analogue. The claims were dismissed on the grounds that the allegations in the Complaint were insufficient under Fed. R. Civ. P. 9 and Fed. R. Civ. P. 12(b)(6) to state a claim.

The Defendants now seek an award of attorney fees. The Defendants contend that the Plaintiffs' claims were frivolous from the outset, and were asserted solely for the purpose of harassment and/or to gain leverage against the HOA in the state proceedings. The Plaintiffs did not respond to the motion.

## II.  Analysis

### A.  Entitlement to Award of Fees

Although the Defendants assert several legal bases for an award of attorney fees, the most relevant appears to be C.R.S. § 13-17-102(4)[1], which provides:

> The court shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed

---

[1] The statute applies to a civil proceeding brought in "any court of record in this state." C.R.S. § 13-17-102(1).

2

> for delay or harassment or if it finds that an attorney or party
> unnecessarily expanded the proceeding by other improper conduct,
> including, but not limited to, abuses of discovery procedures
> available under the Colorado rules of civil procedure or a
> designation by a defending party under section 13-21-111.5(3) that
> lacked substantial justification. As used in this article, "lacked
> substantial justification" means substantially frivolous,
> substantially groundless, or substantially vexatious.

A claim is frivolous if the proponent can present no rational argument based on the evidence or law in support of the claim. *Remote Switch Systems, Inc. v. Delangis*, 126 P.3d 269, 275 (Colo.App. 2005). A claim is groundless if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence. *Id*.

In determining whether to make an attorney fee award under this section, the Court is required to consider the following factors:

> (a) The extent of any effort made to determine the validity of any
> action or claim before said action or claim was asserted;
>
> (b) The extent of any effort made after the commencement of an
> action to reduce the number of claims or defenses being asserted or
> to dismiss claims or defenses found not to be valid within an
> action;
>
> (c) The availability of facts to assist a party in determining the
> validity of a claim or defense;
>
> (d) The relative financial positions of the parties involved;
>
> (e) Whether or not the action was prosecuted or defended, in whole
> or in part, in bad faith;
>
> (f) Whether or not issues of fact determinative of the validity of a
> party's claim or defense were reasonably in conflict;
>
> (g) The extent to which the party prevailed with respect to the

>> amount of and number of claims in controversy;
>
> (h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

C.R.S. § 13-17-103(1).

As the Plaintiffs did not respond to the Motion, the Court deems its factual averments to be true. In addition, it appears that the dispute has always been about the HOA fees and penalties which were the subject of the state court actions. The Plaintiffs' disagreement with the HOA were raised as counterclaims in the state court actions initiated by the HOA, which claims were resolved in such actions against the Plaintiffs. Thus, this action was unnecessary.

The Plaintiffs' contention that the Defendants and the HOA were an enterprise engaged in a pattern of criminal racketeering activity, was not adequately alleged, much less supported by evidence. Indeed, the Plaintiffs have presented no argument or evidence to rebut the Defendants' contention that this lawsuit was initiated for the sole purpose of gaining leverage in settling the underlying state litigation, and was unsupported by any good faith factual basis from the outset. The Court therefore finds that Plaintiffs' claims in this action were both substantially groundless and frivolous. This entitles the Defendants to an award of attorney fees.

The statute permits fees to be levied against both parties and attorneys. This record shows that the same attorney represented the Plaintiffs in the state proceedings. Presumptively such attorney was therefore fully informed of resolution of the dispute in state court, and the absence of any justification for the claims brought in this action. Accordingly, the attorney fee award is properly assessed against both the Plaintiffs and their counsel.

**B.     Reasonableness of Fees Sought**

The Defendants seek an award $39,880 for attorney fees incurred in drafting the Motion to Dismiss and Reply brief, this Motion for Attorney's Fees, and various other status updates and related matters. The request is supported by an affidavit from Robert Kitsmiller (#**31-1**) and contemporaneous billing records (#**31-2**). The affidavit provides evidence that the rates of the attorneys involved in the work were reasonable and verifies the number of hours spent on the tasks at issue.

Although the request is unopposed, only reasonable attorney fees can be awarded. In this regard the Court finds that some time entries do not demonstrate reasonable charges. For example, an entry on August 2, 2011, reflects .2 hours of time (*i.e.*, approximately 12 minutes, and a total of $60) for a task described as "Review Re-assignment Order of RICO Case." The reassignment order of that date (#**23**) is a three-sentence text order informing the parties that the case has been reassigned and that the initials on the case caption should reflect the current assignment. It is difficult to understand why any time, much less .2 hours, was charged for review such Order. Its review and notation is essentially a ministerial task requiring no legal expertise. For this review and other such ministerial tasks the requested compensation is not reasonable.

In addition, there appears to have been no necessity or benefit associated with charges for intra-firm conferences. These appear to be related to management of work assignments within the firm. In the absence of any showing that such conferences were necessary or beneficial, the fees charged for them are not reasonable.

Finally, at least some of the research entries appear to be related to the state court litigation, rather than this case. *See, e.g.*, 5/11/11 entry (RESEARCH re: whether association can

5

file lien without a hearing). Presumably these fees were or could have been sought in the state court matters, and will not be included in the award.

After excluding the items identified above, the Court finds that the Defendants reasonably incurred the sum of $31,817.50 in attorney fees.

**IT IS THEREFORE ORDERED** that

1. Defendants' Motion for an Award of Attorney Fees and Sanctions **(#31)** is **GRANTED IN PART AND DENIED IN PART.**

2. The Defendants are awarded attorney fees in the amount of $ 31,817.50 payable jointly and severally by the Plaintiffs and their counsel within ten days of the date of this Order.

3. If such fees are not timely paid, upon request, the Defendants may request that such award be reduced to Judgment in their favor and jointly and severally against the Plaintiffs and their counsel.

Dated this 12th day of June, 2012

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge